Alan E. Wisotsky – State Bar No. 68051
James N. Procter II – State Bar No. 96589
Jeffrey Held – State Bar No. 106991
WISOTSKY, PROCTER & SHYER
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Phone: (805) 278-0920
Facsimile: (805) 278-0289
Email: jheld@wps-law.net

Attorneys for Defendant,
 CITY OF PORT HUENEME

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES De LUCA, etc., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PORT HUENEME, et al., <br><br> Defendants. | CASE NO. CV14-02680-ODW-JC <br><br> **NOTICE OF HEARING OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS BY CITY OF PORT HUENEME ON CLAIMS 6 THROUGH 8** <br><br> [Website Docket Number 29, page 2, lines 13-19] <br><br> Trial: April 7, 2015 <br> Pretrial Conference: March 16, 2015 <br><br> Date: December 1, 2014 <br> Time: 1:30 <br> Courtroom: 11, Spring Street |

TO: PLAINTIFFS MICHAEL JAMES DE LUCA, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO THE DECEASED; AND VINCENT PETER DE LUCA, INDIVIDUALLY, AND AS SUCCESSOR IN INTEREST TO THE DECEASED:

Please take notice that in accordance with the Court's order appearing as website docket entry 29, page 2, item 6, Defendant, City of Port Hueneme, hereby moves the United States District Court for the Central District of California, Honorable Otis D. Wright II, for an order dismissing it from Claims 6 through 8 of

1  the operative complaint, filed on April 9, 2014.

2  If the Court grants this motion, this moving party will be dismissed from all
3  claims pled against it. In that event, there would be no named defendant remaining in
4  any cause of action. Moving party also seeks the dismissal of this action if the Court
5  grants this motion.

6  This motion is based upon this notice of hearing of motion, the enabling
7  authority of the order appearing as website docket entry 29, page 2, point 6, as well as
8  the balance of the order, the operative complaint, filed on April 9, 2014, and the
9  memorandum of points and authorities appended hereto.

10  This motion is not made following the conference of counsel pursuant to
11  Central District Local Rule 7-3, in light of the enabling order (Website Docket Entry
12  29, page 2, paragraph 6, line 18).

13  DATED: October 22, 2014        WISOTSKY, PROCTER & SHYER

15                                  By: _____
16                                  Jeffrey Held
                                    Attorneys for Defendant,
17                                  CITY OF PORT HUENEME

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### ENABLING AUTHORITY

In the Court's order dated October 15, 2014, website docket entry 29, page 2, point 6, lines 13 through 19, this motion was contemplated and authorized. It is in the nature of a motion for judgment on the pleadings, an allowable filing under Federal Rule of Civil Procedure 12(c). A motion for judgment on the pleadings is allowed following an answer but not extremely close to trial. It functions as a facial challenge motion seeking the dismissal of all of one or more causes of action.

### II.
### PROCEDURAL HISTORY

The complaint was filed on April 9, 2014. It named only one defendant, the City of Port Hueneme. It pled eight causes of action.

The first through fourth claims are federal counts brought pursuant to 42 U.S.C. § 1983 against fictitious defendants only. The fifth claim is a federal *Monell* claim pursuant to 42 U.S.C. § 1983 brought against the named defendant, the City of Port Hueneme. The remaining three claims, sixth through eighth, are supplemental state law causes of action pled against the City of Port Hueneme and fictitious defendants.

The City of Port Hueneme filed a summary judgment motion seeking prejudicial dismissal of the fifth claim and the non-prejudicial dismissal of the supplemental claims. The motion, various supporting exhibits, the statement of uncontroverted facts and conclusions of law, proposed statement of decision and proposed judgment, were filed as website docket entries 16 through 24, on September 2, 2014.

Plaintiffs stipulated to the prejudicial dismissal of the fifth claim, but not the non-prejudicial dismissal of the supplemental claims. The stipulation was filed and the proposed order lodged on September 8, 2014, as website docket entries 25 and 26.

3

The Court signed and filed the order as website docket entry 29, on October 15, 2014.

The last point of the order contemplated and authorized the filing of this motion. It seeks the non-prejudicial dismissal of the three supplemental state law causes of action, six through eight, against the only named defendant, the City of Port Hueneme.

There are no individual defendants named or served. The deadline for adding parties and amending the complaint expired on October 6, 2014. Website docket entry 14, scheduling and case management order, dated July 8, 2014.

## III.

### THERE BEING NO NAMED DEFENDANT IN ANY FEDERAL CAUSE OF ACTION, THERE IS NO BASIS FOR FEDERAL JURISDICTION AND THE THREE SUPPLEMENTAL CLAIMS AGAINST THE CITY OF PORT HUENEME SHOULD BE DISMISSED WITHOUT PREJUDICE

The leading Ninth Circuit decision concerning a federal court's assertion of supplemental jurisdiction over state law causes of action is *Acri v. Varian Associates*, 114 F.3d 999 (9th Cir. 1997) [En Banc]. The decision ruled that while neither the district court nor the Circuit should address retention of supplemental claims if not requested to do so by a party, if so requested, a federal court has discretion to dismiss or retain.

The en banc court "emphasize[d]" that "deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) [of 28 U.S.C. §1367] is implicated is a responsibility that district courts are duty-bound to take seriously." *Acri*, 114 F.3d at 1001. The *Acri* court stated that both the Supreme Court and the Ninth Circuit have stated repeatedly that in the usual case in which all federal law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims.

*Id.*

Discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in §1367(c). But it is informed by the values of economy, convenience, fairness and comity. Considering the importance of these values in a federal system, the proper administration of justice is "far better served by a deliberative decision than by default." *Id.*

28 U.S.C. §1367(c)(1)–(4) describes four circumstances in which a district court may decline to exercise supplemental jurisdiction over a state law claim. These are, respectively, that the state law claim raises novel or complicated issues of state law, the state claim substantially predominates over the federal claim or claims of which the district court has original jurisdiction, the district court has dismissed all claims over which it had original jurisdiction or there are exceptionally compelling reasons for declining jurisdiction.

The leading modern Supreme Court decision on the subject is *Carnegie-Mellon University v. Cohill,* 484 U.S. 343 (1988). At 351, the Court noted that a federal court's determination of state-law claims could conflict with the principle of comity to the states. Pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. A federal court should consider and weigh in each case, at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity, in order to decide whether to exercise jurisdiction over a case brought in federal court involving state law claims.

When the balance of these factors indicates that a case properly belongs in state court, "as when the federal- law claims have dropped out of the lawsuit in its early stages, and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." A district court must consider, "throughout the litigation whether to exercise its jurisdiction over the case." 484 U.S. at 351. "When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not

to continue to exercise jurisdiction."

A district court's decision to exercise supplemental jurisdiction is one which remains open throughout the litigation. *Innovative Home Health Care, Inc. v. P.T.*, 141 F.3d 1284, 1287 (8th Cir. 1998). If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. *Notrica v. Board of Supervisors*, 925 F.2d 1211, 1213 (9th Cir. 1990). "[T]he balance of factors to be considered under the pendent jurisdiction doctrine- judicial economy, convenience, fairness and comity- will point toward declining to exercise jurisdiction over state law claims when all federal claims have been dismissed." *Id*. at 1213-1214.

The Ninth Circuit again articulated the principle of dismissal without prejudice in *Gini v. Las Vegas Metropolitan Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994). The Court held that a district court does not err in dismissing without prejudice the supplemental claims after all of the federal claims were dismissed. The Court explained that in the usual case in which federal law claims are eliminated before trial, the balance of factor will point toward declining to exercise jurisdiction over the remaining state law claims. *Id*. This has been the holding of other Ninth Circuit decisions, as well: *Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996) and *Allen v. City of Los Angeles*, F.3d 842, 845 (9th Cir. 1996), both overruled on a different point in *Acri*, supra, 114 F.3d at 1001, holding that there is no sua sponte requirement to examine supplemental jurisdiction.

The Supreme Court has instructed that the exercise of supplemental jurisdiction should be rare when all federal claims have been dismissed before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 (1966). In the present case, the stipulated order prejudicially dismissing the only federal claim against the only named defendant, the City of Port Hueneme, leaves no federal claim pled against any named defendant. The only named defendant, the City of Port Hueneme, is only a defendant at this point in the three supplemental claims.

6

The deadline to add other defendants in this action expired on October 6, 2014, so it is now too late to add any other defendants. Yet the trial is not until April 9, 2015.

It would contradict the precedents just cited to allow a federal district court to retain an action containing only state law claims against the only named defendant. 28 U.S.C. §1367(c)(3). The City of Port Hueneme therefore respectfully requests this Court to reassess its original jurisdiction over the City and to exercise its discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. No named defendant exists in any of the federal claims, which alone can provide this tribunal with original jurisdiction to adjudicate the three state law causes of action, the only remaining causes of action against the only named defendant.

## IV.

## **CONCLUSION**

It is therefore respectfully requested, based upon the foregoing reasons and authorities, that this Court dismiss the City of Port Hueneme, without prejudice, from the only remaining claims against it, these being the sixth through eighth claims, and also order the dismissal of the action in its entirety, there being no remaining named defendant in any cause of action.

DATED: October 22, 2014    WISOTSKY, PROCTER & SHYER

By: _____
Jeffrey Held
Attorneys for Defendant,
CITY OF PORT HUENEME

7