O

# United States District Court
# Central District of California

| | |
|---|---|
| MICHAEL JAMES De LUCA, individually and as successor in interest to the deceased; VINCENT PETER De LUCA, individually and as successor in interest to the deceased,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF PORT HUENEME; DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Case № 2:14-cv-02680-ODW(JCx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND [34] AND DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [30]** |

## I.   INTRODUCTION

This case arises from the fatal shooting of Michael DeLuca by two police officers in the City of Port Hueneme Police Department. Individually and as successors in interest, the decedent's children, Michael James DeLuca and Vincent Peter DeLuca, filed suit against the City of Port Hueneme. Plaintiffs filed a Motion for Leave to Amend the Complaint to add the officers who shot the decedent and Defendant filed a Motion for Judgment on the Pleading. (ECF Nos. 34, 30.) For the

reasons discussed below, the Court **GRANTS** Plaintiffs' Motion for Leave to Amend and **DENIES** Defendant's Motion for Judgment on the Pleadings.[1] (*Id*.)

## II. FACTUAL BACKGROUND

On September 6, 2013, at approximately 4:00 a.m., Defendant DOE Officers, now known to be officers Robin Matlock and Christopher Graham, observed Michael DeLuca in his vehicle parked in a parking lot at Hueneme Beach Park. (Compl. ¶ 27.) Plaintiffs allege that the officers approached the vehicle and, without provocation or justification, fired a number of shots, fatally wounding DeLuca. (*Id*. ¶ 28.)

After being shot, DeLuca was immobile, bleeding profusely, and in critical need of emergency medical care. (*Id*. ¶ 29.) Plaintiffs allege that the officers did not timely summon medical care or allow medical personnel to treat DeLuca. (*Id*.) Plaintiffs further allege that the delay in medical care caused DeLuca extreme physical and emotional pain and suffering, and was a contributing cause to his death. (*Id*. ¶ 30.)

Plaintiffs allege that the use of deadly force against DeLuca was excessive and objectively unreasonable under the circumstances, particularly because DeLuca did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting. (*Id*. ¶ 31.)

On April 9, 2014, DeLuca's children, Michael James DeLuca and Vincent Peter DeLuca filed the instant action, individually and as successors in interest, against the City of Port Hueneme. (*Id*. ¶ 1.) The officers were not named defendants. (*Id*.) Plaintiffs are the decedent's successors in interest as defined in § 377.11 of the California Code of Civil Procedure and succeed his interest in this action as his biological children. (*Id*. ¶ 31.) Plaintiffs allege five separate violations of 42 U.S.C. § 1983, false arrest/false imprisonment, battery, and negligence. (*Id*.)

///

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

On September 22, 2013, the officers who shot Deluca were deposed. (Partow Decl. ¶ 3.) Plaintiffs prepared a Motion for Leave to Amend the Complaint to add the officers before the officers' depositions but waited to file. (Mot. 3.) Strategically, Plaintiffs decided to depose the officers as non-parties so they could not attend each other's depositions, and Plaintiffs could obtain testimony uninfluenced by the other officer. (*Id.*)

On September 23, 2014, Plaintiffs' counsel began trial before this Court in the matter of *Ruvalcaba v. City of Los Angeles*. (Mot. 3.) Due to counsel's participation in that trial and other matters immediately following, counsel inadvertently forgot to file the Motion for Leave to Amend until after receipt of Defendant's Motion for Judgment on the Pleadings. (*Id.*)

Pursuant to the Court's Scheduling and Case Management Order, the last date to amend pleadings or add parties was October 6, 2014. (ECF No. 14.)

On October 31, 2014, Plaintiffs filed a separate action naming officers Matlock and Graham as Defendants. (Case No. 2:14-cv-08473, ECF No. 1.) Plaintiffs will consider dismissing that case, which is assigned to this Court and based on the same facts, should the Court give leave to amend. (Mot. 1.)

### III.  LEGAL STANDARD

**A.  Motion for Leave to Amend**

Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court may deny leave when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The U.S. Supreme Court has held that federal courts should freely grant leave to amend absent special circumstances, such as: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies with

previous amendment; (4) prejudice to the opposing party; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings is "functionally identical" to a Rule 12(b) motion to dismiss; the only major difference is that a Rule 12(c) motion is properly brought "after the pleadings are closed and within such time as not to delay the trial." *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106–07 (C.D. Cal. 2008) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). The allegations of the nonmoving party are accepted as true, denials of these allegations by the moving party are assumed to be false, and all inferences reasonably drawn from those facts must be construed in favor of the responding party. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). But conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). A court should grant judgment on the pleadings when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios*, 896 F.2d at 1550.

## IV. DISCUSSION

### A. Motion for Leave to Amend

Courts should freely grant leave to amend absent special circumstances, such as undue delay and prejudice to the opposing party. *Foman*, 371 U.S. at 182 (1962). In the instant action, the Court finds that there are no special circumstances and judicial economy warrants granting Plaintiffs' Motion for Leave to Amend.

Defendant contends that there is undue delay because Plaintiffs knew the names of the officers who shot and killed the decedent before the instant action was filed. (Opp'n 15.) The Court is not persuaded that there is *undue delay* that justifies denial of leave to amend. Plaintiffs' counsel strategically did not name the officers in the original Complaint to prevent them from influencing each other's depositions, and

then became preoccupied with trial in another matter and forgot to file the instant Motion. Defendant provided the Court with the timeline of filings but failed to demonstrate that opposing counsel's explanations for the delay do not constitute good cause.

Defendant also contends that there is prejudice to the defense. According to Defendant, if the officers are added, "the City will be required to work at superhuman speed" to respond to the Complaint and draft a motion for summary judgment. (Opp'n 16-17.) The Court will not force Defendant to work at an unreasonable pace; however, it will not waste judicial resources and force Plaintiffs to simultaneously litigate a separate case involving the same issues against the officers before this Court.

Finding that there are no special circumstances and judicial economy warrants granting leave, the Court **GRANTS** Plaintiffs' Motion for Leave to Amend, and **ORDERS** Plaintiffs to **dismiss the separate action** against officers Matlock and Graham. The Court **will modify the Scheduling Order upon request** to prevent any prejudice to Defendant.

**B.     Motion for Judgment on the Pleadings**

Defendant's Motion for Judgment on the Pleadings hinges on the City of Port Hueneme being the only named defendant. Defendant argues that the Court does not have federal jurisdiction and the three supplemental claims against the City of Port Hueneme should be dismissed because there is "no named defendant in any federal cause of action." (Mot. 4.)

Defendant filed the instant Motion before Plaintiffs' Motion for Leave to Amend. The Court finds that Defendant's Motion is moot because officers Matlock and Graham will be added as defendants.

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Leave to Amend, **ORDERS** Plaintiffs to dismiss the separate action against the officers, and **DENIES** Defendant's Motion for Judgment on the Pleadings as moot. (ECF Nos. 34, 30.)

**IT IS SO ORDERED.**

December 17, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**